## SUCCESSION OF NOBLET.

An administrator is responsible personally for any loss sustained by the succession, from the want, on his part, of that degree of care which a prudent father of a family uses in the management of his own affairs.

APPEAL from the Court of Probates of Livingston, *Watts, J. Baylies,* for the appellant, cited 12 Mart. 684. 3 Rob. 287. 4 Mass. 354. *Winter* and *Watterston,* contra, cited *Arcenaux* v. *Michel,* 6 Mart. N. S. 93. *Longbottom* v. *Babcock,* 9 La. 48. *DeLorme* v. *DeLallande,* 10 Rob. 477. *Lafon's Heirs* v. *His Executor,* 3 Mart. N. S. 707.

The judgment of the court was pronounced by

ROST, J. *McRae,* who was administrator of a succession, has appealed from a judgment of the Court of Probates, charging him, in the final account of his administration, with the amount of a note of $916 66, belonging to the succession, and not recovered by him.

It is in evidence that this note was fully secured by mortgage, and that it was left in the hands of a former judge of the Court of Probates, who collected the amount of it, and applied it to his own use. This person has not accounted to the administrator, and no legal proceedings have ever been instituted against him. The administrator alleges that the note was left in the hands of the judge, in his capacity of notary public, to be protested, and that he cannot be made responsible for the breach of trust of that public officer. He further avers that the judge and his sureties had been notoriously insolvent for years, at the time of the conversion, and that legal proceedings against them would have involved the succession in expense unattended with any advantage.

The appellant's own witness shows that the note was entrusted to the probate judge for other purposes than that of protest, and that he was authorized to collect upon it the amount of the fees due him by the succession. The administrator made him his agent for that purpose, and is liable for all damage sustained by reason of that agency. His allegation that the judge and his sureties were notoriously insolvent when this authority was given, satisfies us, that in giving it, he did not use the degree of care which a prudent father of a family uses in the management of his own affairs. *Judgment affirmed.*